**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terry BRAY, Defendant–Appellant.**

**No. 12–50032.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 31, 2012.

Curtis A. Kin, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Fred W. Slaughter, Assistant U.S., Office of the U.S. Attorney, Santa Ana Branch Office, Santa Ana, CA, for Plaintiff–Appellee.

Terry Bray, Adelanto, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

### MEMORANDUM **

Terry Bray appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has jurisdiction to modify a sentence under section 3582. *See United States v. Wesson,* 583 F.3d 728, 730 (9th Cir.2009). We affirm.

Bray contends that he is eligible for a sentence reduction under Amendment 750, which amended the drug quantity table in U.S.S.G. § 2D 1.1 for offenses involving crack cocaine. However, Bray was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Therefore, his sentence was not based on a Guidelines range that has been lowered, and the district court lacked jurisdiction to modify his sentence. *See* 18 U.S.C. § 3582(c)(2); *Wesson,* 583 F.3d at 731–32.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.